IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Baltimore Division

William A White #13888-084
Federal Correctional Institution-
Cumberland
PO Box 1000
Cumberland, MD 21501

v.

United States Of America

Federal Bureau Of Prisons
320 1st St NW
Washington, DC 20534

Case No: _____

FILED ___ ENTERED
LOGGED ___ RECEIVED
JUN 14 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## COMPLAINT

### Administrative Remedy

1) Administrative remedy in this matter was exhausted by remedy #1137427-A2 on April 4, 2023, and tort claim # TRT-MXR-2023-01049. The denial of these remedies constitutes a final agency action on these issues pursuant to 5 USC §704. US Army Corps Of Eng'rs v. Hawkes Co Inc 578 US 90 (2016); Nat'l Veterans Legal Servs Program v. United States DOD 990 F3d 834 (4th Cir 2021).

Parties, Venue, Jurisdiction

2) I am a federal prisoner serving a sentence of 349 months imprisonment at the Federal Correctional Institution ("FCI") – Cumberland in Cumberland, Maryland, within the District of Maryland's Baltimore Division. The claims pled herein arise from events that occurred in the District of Maryland.

3) The United States is the proper defendant for the Federal Tort Claims Act ("FTCA") claims. 28 USC §1346(b), §2674; Chang-Williams v. Department of the Navy 766 F Supp 2d 604 (D Md 2011).

4) The Federal Bureau Of Prisons ("BOP") is the proper defendant for the Administrative Procedures Act ("APA") claims. 5 USC §703.

5) This Court has jurisdiction over the FTCA claims pursuant to 28 USC §1346(b) and §2674.

6) This Court has jurisdiction over the APA claims pursuant to 5 USC §701, et seq.

7) Venue is proper in this District. 28 USC §1391, §1402.

Factual Allegations

8) In February 2016, I was diagnosed with Post-Traumatic Stress Disorder ("PTSD"), a serious mental illness, caused by my conditions of confinement between 2008 and 2014, and, exacerbated by further confinement in the Special Housing Unit ("SHU").

9) In November and December 2021, the defendants acknowledged my PTSD diagnosis and began treating it with medication.

10) In July 2022, a doctor retained by the defendants diagnosed me with major depressive disorder with psychotic features caused by my conditions of confinement between 2008 and 2014, exacerbated by further confinement in the SHU, and, reported that I was in the 98th percentile for suicidal ideation.

11) On July 26, 2022, I was transferred to FCI-Cumberland and placed in SHU due to a lack of bedspace, though defendants knew that the restriction of environmental stimuli inherent in SHU conditions would worsen my PTSD and/or depression and cause me serious emotional distress.

12) While in SHU, I did not receive the reviews mandated by federal regulations, including a 7-day SHU review which I could attend in person.

13) As a result of my SHU confinement, I suffered worsening of my psychiatric condition(s) and emotional distress that is severe, lasting and grave.

14) I was initially released from SHU August 22, 2022.

15) In August and September 2022, the BOP had a CoViD-19 policy in place at FCI-Cumberland that discouraged inmates from reporting CoViD-19 symptoms. Specifically, if an inmate reported or was deemed to have CoViD-19 symptoms, he and his cellmate were placed in SHU for 10 days.

16) An unintended effect of the CoViD-19 policy was that inmates were denied both medical and palliative care while in SHU, though this would have been known to the defendants with reasonable diligence.

17) An unintended effect of the CoViD-19 policy was to encourage the spread of CoViD-19 at FCI-Cumberland, though this would have been known to the defendants with reasonable diligence.

18) As a result of the policies of para 15 to 17, supra, on about September 2, 2022, I contracted CoViD-19. CoViD-19 caused me pain and suffering, including swelling and pain in my throat, lungs and bronchial tubes.

19) On September 12, 2022, defendants tested me for CoViD-19, and, when I tested positive, they placed me in SHU.

20) While in SHU, I did not receive the reviews mandated by federal regulations, in-

cluding a 7-day SHU review which I could attend in person.

21) While in SHU, I received no medical care for my CoVID-19 and was unable to access palliative care.

22) As a result of my SHU placement, I suffered serious emotional distress that is lasting and grave, worsening of my psychiatric conditions and pain and suffering from CoVID-19.

23) I was housed in the SHU with Rayrae Stover, a seriously mentally ill man with bipolar disorder, despite my repeated requests to change cellmates.

24) 28 CFR § 541.3(c) requires the BOP to provide SHU inmates with adequate clothing. BOP Program Statement ("PS") 5270.11 reasonably interprets this regulation to prohibit BOP officials from issuing paper clothing to seriously mentally ill inmates. BOP PS 5270.11 further provides that only a Warden, with the agreement of a psychologist and Health Services Administrator, may order an inmate placed in paper clothing, and that this authority may not be delegated. Paper clothes must also be changed daily.

25) On September 17, 2023, Correctional Officers ("COs") McCoy and Rohrbaugh observed that Stover had torn a sock and used it to make a headdress. Though Stover admitted to tearing the sock, which was in his hair, I

was taken from the cell and forced to change into paper clothing.

26) To cover up their misconduct, McCoy and Rohrbaugh also issued me an incident report, subsequently dismissed, for destroying the sock.

27) During the period September 17 to 20, 2023, I remained in paper clothing and received no changes of clothes, despite the fact that the paper clothes tore and became unserviceable within hours of issuance.

28) As a result of being held in paper clothes September 17 to 20, 2022, my psychiatric condition(s) worsened and I suffered emotional distress that is severe, lasting and grave.

29) McCoy and Rohrbaugh stated that the decision to place me in paper clothes was authorized by Captain Ricky Rakowski, not the Warden, C. Carter.

30) On September 21, 2022, I was released from SHU.

Claims

COUNT I: Negligence And Negligent Infliction Of Emotional Distress

31) The allegations of para 1-30, supra, are hereby incorporated by reference.

32) The BOP and the United States owed me a duty of care.

33) The United States was negligent and breached its duty of care by:
   a) placing and maintaining me in SHU without complying with federal regulations July 26 to August 22, 2022;
   b) promulgating CoViD-19 policies that encouraged the spread of CoViD-19;
   c) denying me access to medical and palliative care September 12 to 21, 2022;
   d) placing and maintaining me in SHU without complying with federal regulations September 12 to 21, 2022;
   e) placing and maintaining me in paper clothes in violation of federal regulations September 17 to 20, 2022.

34) As a result of the United States' negligence, I contracted CoViD-19, my psychiatric condition(s) worsened, and, I suffered physical pain and emotional distress which is severe, lasting and grave.

35) I request as relief nominal and compensatory damages not to exceed $150,000.00 (one hundred fifty thousand dollars and no cents) and any other relief this Court

sees fit to grant.

COUNT II: Intentional Infliction Of Emotional Distress

36) The allegations of para 1-30, supra, are hereby incorporated by reference.

37) The United States recklessly or intentionally inflicted emotional distress on me by:

   a) placing and maintaining me in SHU without complying with federal regulations July 26 to August 22, 2022;
   b) promulgating CoViD-19 policies that encouraged the spread of CoViD-19;
   c) denying me access to medical and palliative care September 12 to 21, 2022;
   d) placing and maintaining me in SHU without complying with federal regulations September 12 to 21, 2022;
   e) placing and maintaining me in paper clothes in violation of federal regulations September 17 to 20, 2022.

38) As a result of the United States' reckless or intentional acts, I contracted CoViD-19, my psychiatric conditions worsened, and, I suffered physical pain and emotional distress which is severe, lasting and grave.

39) I request nominal and compensatory damages not to exceed $150,000.00 (one hundred fifty thousand dollars and no cents) and whatever other relief this Court sees fit to grant.

COUNT III: Violation Of The Administrative Procedures Act

40) The allegations of para 1-30, supra, are hereby incorporated by reference.

41) The BOP's de facto policy of placing and maintaining inmates with serious mental illness in paper clothes on a Captain's authority without providing daily changes of clothes violates 28 CFR § 541.3 and is arbitrary and capricious.

42) I request as relief an order declaring that BOP PS 5270.11 reasonably interprets 28 CFR § 541.3 and enjoining the BOP, FCI-Cumberland Warden C. Carter, and FCI-Cumberland Captain Ricky Rakowski from placing inmates in paper clothes unless the inmate is not diagnosed with serious mental illness, the Warden, a psychologist and the Health Services Administrator authorize paper clothes, and a change of paper clothes is provided daily.

Respectfully Submitted,

[signature]

William A White # 13888-084
FCI-Cumberland
PO Box 1000
Cumberland, MD 21501

CERTIFICATE OF MAILING

I hereby certify that this Complaint was mailed to the Clerk of the Court, 1st Class Postage Prepaid, this 8th day of ~~May~~ June, 2023.

*William A White*

William A White